**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Rodolphe** | | **Hakiza** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Northern** District of: **Illinois**
(state)

Case number
(if known)   **19-04457**

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed

Official Form 113

# Chapter 13 Plan
12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ☑ Not included |

## Part 2: Plan Payments and Length of Plan

2.1 **Debtor(s) will make regular payments to the trustee as follows:**

$1,000.00 per month for 36 month(s)

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

| Debtor 1 | **Rodolphe** | | **Hakiza** | Case number | **19-04457** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

### 2.2 Regular payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

[✓] Debtor(s) will make payments pursuant to a payroll deduction order.
[ ] Debtor(s) will make payments directly to the trustee.
[ ] Other (specify method of payment):

### 2.3 Income tax refunds.

*Check one.*

[✓] Debtor(s) will retain any income tax refunds received during the plan term.
[ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
[ ] Debtor(s) will treat income tax refunds as follows:

### 2.4 Additional payments.

*Check one.*

[✓] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### 2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $36,000.00

## Part 3: Treatment of Secured Claims

### 3.1 Maintenance of payments and cure of default, if any.

*Check all that apply.*

[ ] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

[✓] The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| GUARANTEED RATE/DOVENM | 12958 Bradford Ln, Plainfield, IL 60585 | $2,717.00<br><br>Disbursed by:<br>[ ] Trustee<br>[✓] Debtor(s) | $6,000.00 | 0.00% | $166.67 | $6,000.00 |

| Debtor 1 | **Rodolphe** | | **Hakiza** | Case number | **19-04457** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below were either:

(a) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| CONSUMER FINANCIAL SVC | 2006 Nissan Murano | $10,456.00 | 0.00% | $359.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 |

| Debtor 1 | **Rodolphe** | | **Hakiza** | Case number | **19-04457** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**3.4  Lien avoidance.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
   **The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

**3.5  Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| CONSUMER FINANCIAL SVC | 2007 Nissan Rogue |

| Debtor 1 | **Rodolphe** | | **Hakiza** | Case number | **19-04457** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 5.70% of plan payments; and during the plan term, they are estimated to total $2,052.00

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $4,000.00

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☒ The debtor(s) estimate the total amount of other priority claims to be $14,000.00

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of

☒ 100.00% of the total amount of these claims, an estimated payment of $15,792.00

☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $0.00 Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

| Debtor 1 | **Rodolphe** | | **Hakiza** | Case number | **19-04457** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**5.2   Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- [x] **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3   Other separately classified nonpriority unsecured claims.** *Check one.*

- [x] **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Debtor 1 | **Rodolphe** | | **Hakiza** | Case number | **19-04457** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

## Part 6: Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor(s) upon.**

*Check the applicable box:*

☐ plan confirmation.
☑ entry of discharge
☐ other

## Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signature(s):

**9.1** **Signatures of Debtor(s) and Debtor(s)' Attorney**

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.

✗ _____
Signature of Debtor 1
Executed on _____
MM / DD / YYYY

✗ _____
Signature of Debtor 2
Executed on _____
MM / DD / YYYY

✗ /s/ Jessica Kim
Signature of Attorney for Debtor(s)

Date  2/20/2019
MM / DD / YYYY

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $6,000.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $20,052.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $15,792.00 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* | + $0.00 |
| | **Total of lines a through j** | $41,844.00 |

```
                         United States Bankruptcy Court
                          Northern District of Illinois
In re:                                                            Case No. 19-04457-PSH
Rodolphe Hakiza                                                   Chapter 13
       Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0752-1          User: rgreen              Page 1 of 1         Date Rcvd: Feb 21, 2019
                              Form ID: pdf001           Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 23, 2019.
db             +Rodolphe Hakiza,    12958 Bradford Ln,   Plainfield, IL 60585-2106
27567454       +CNAC/MI105,    3718 STADIUM DR,    KALAMAZOO, MI 49008-1424
27567460       +GUARANTEED RATE/DOVENM,    1 CORPORATE DR STE 360,    LAKE ZURICH, IL 60047-8945
27567459       +Illinois Department of Revenue,    118 N Clark,   Chicago, IL 60602-1315
27567463       +Kensington Court Condo Association,    6545 Main St,    Downers Grove, IL 60516-2842
27567452       +MERCHANTS CREDIT GUIDE,    223 W JACKSON BLVD # 700,    Chicago, IL 60606-6914
27567455       +NATIONAL CREDIT ADJUST,    327 W 4TH AVE,   HUTCHINSON, KS 67501-4842
27567464       +PLS,    6843 N Franklin Ave,   Loveland, CO 80538-1180
27567448       +SERGIO FURN,    36 W Downer Pl,   Aurora, IL 60506-5135
27567457       +Souders, Chad,    175 NORTH ARCHER,   Mundelein, IL 60060-2301

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
27567456       +E-mail/Text: bankruptcy@rentacenter.com Feb 22 2019 02:06:02     ACCEPTANCE NOW,
                 5501 Headquarters Dr,   ATTN: Acceptance Now Customer Service,    Plano, TX 75024-5837
27567461       +E-mail/Text: cfsautoloans@gmail.com Feb 22 2019 02:04:29     CONSUMER FINANCIAL SVC,
                 10431 US HIGHWAY 19,   PORT RICHEY, FL 34668-3133
27567447       +E-mail/Text: bankruptcy@consumerportfolio.com Feb 22 2019 02:05:06     CONSUMER PORTFOLIO SVC,
                 PO BOX 57071,   IRVINE, CA 92619-7071
27567450       +E-mail/PDF: creditonebknotifications@resurgent.com Feb 22 2019 02:01:48      CREDIT ONE BANK NA,
                 PO BOX 98875,   LAS VEGAS, NV 89193-8875
27567449       +E-mail/Text: bankruptcynotices@dcicollect.com Feb 22 2019 02:05:30     DIVERSIFIED CONSULTANT,
                 10550 DEERWOOD PARK BLVD,   JACKSONVILLE, FL 32256-0596
27567453       +E-mail/Text: collections@earthmovercu.com Feb 22 2019 02:04:34     EARTHMOVERS CU,
                 PO BOX 2937,   AURORA, IL 60507-2937
27567451       +E-mail/Text: bknotice@ercbpo.com Feb 22 2019 02:04:52     ENHANCED RECOVERY CO L,
                 8014 BAYBERRY RD,   JACKSONVILLE, FL 32256-7412
27567458       +E-mail/Text: cio.bncmail@irs.gov Feb 22 2019 02:04:08     Internal Revenue Service,
                 P.O. Box 7346,   Philadelphia, PA 19101-7346
                                                                                              TOTAL: 8

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
27567462*      +CONSUMER FINANCIAL SVC,    10431 US HIGHWAY 19,   PORT RICHEY, FL 34668-3133
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 23, 2019                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 20, 2019 at the address(es) listed below:
              Glenn B Stearns    stearns_g@lisle13.com
              Jessica M Kim    on behalf of Debtor 1 Rodolphe  Hakiza jkim@semradlaw.com,
               ilnb.courtview@SLFCourtview.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
                                                                                             TOTAL: 3
```